**816**

**In re Pamela A. YOUNK, Debtor.**

**No. 96–C–292.**

United States District Court,
E.D. Wisconsin.

May 17, 1996.

Thomas Younk and Angela Younk, Coleman, WI, pro se.

Hinkfuss, Sickel, Petitjean & Hinkfuss by John R. Petitjean, Green Bay, WI, for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

On February 2, 1996, Thomas and Angela Younk, proceeding pro se, filed a notice of appeal from the January 11, 1996, order of United States Bankruptcy Judge Russell A. Eisenberg. The order granted Pamela Younk's motion for contempt as to Thomas Younk for violating the automatic stay provisions of 11 U.S.C. § 362(h). In their notice of appeal, the appellants state that "since Thomas and Angela Younk *were being tried as one*" (emphasis in original), they request that this court reverse Judge Eisenberg's order holding Thomas Younk in contempt and deny the debtor's motion for contempt "upon its merits."

On April 24, 1996, Thomas and Angela Younk filed what I construe as their brief on this appeal. By letter dated April 25, 1996, counsel for the debtor informed the court that, since the appellants' brief "does not raise any legal issues or cite any case law" the debtor will not file a response to the appellants' brief. Counsel also contends that "this appeal by Thomas Younk appears to be frivolous."

*I. BACKGROUND*

On November 7, 1995, Pamela Younk filed a voluntary petition under Chapter 7 of the bankruptcy code in the United States bankruptcy court for the eastern district of Wisconsin. (Younk Bankruptcy Docket Entry ["Y.D.E."] # 1). On November 8, 1995, the office of the bankruptcy court clerk drafted a notice of commencement of the bankruptcy case under chapter 7 of the bankruptcy code. (Order of Bankruptcy Judge Eisenberg ["Order"] dated January 11, 1996 at 1). The notice was mailed to creditors, including Thomas and Angela Younk, on November 9, 1995. (*Id.*).

The notice contained a paragraph titled "Creditors May Not Take Certain Actions." (*Id.*). That paragraph included a statement that: "Under the Bankruptcy Code, the debtor is granted certain protection against creditors.... If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor." (*Id.*). A

copy of the notice was sent to Thomas and Angela Younk. (*Id.*)

On November 14, 1995, Thomas Younk mailed to Pamela Younk a demand for payment of certain prepetition debts. This demand was in violation of the automatic stay provisions of the bankruptcy code, 11 U.S.C. § 362. (*Id.* at 1–2). On November 22, 1995, Pamela Younk's counsel wrote to Thomas and Angela Younk cautioning them about violating the automatic stay and requesting that they refrain from such conduct. (Order at 2). On November 24, 1995, Thomas Younk wrote to the debtor's counsel confirming that he had previously mailed two letters to the debtor and that he was continuing to harass the debtor and engage in actions which violated the automatic stay. (*Id.*). Among other things, the letter of November 24, 1995, included a comic strip which Thomas Younk acknowledged he had sent to Pamela Younk in which the following language is recited by a cartoon character who is supposedly the debtor: "I'm sorry Dad. I sorta squandered it [the debtor's allowance] on The Niggers." (*Id.*).

On December 13, 1995, the debtor filed a motion for contempt and for damages pursuant to 11 U.S.C. § 362(h) against Thomas and Angela Younk. (*Id.;* Y.D.E. # 3). On December 15, 1995, the bankruptcy court gave notice of a hearing on the contempt motion to all interested parties. (*Id.;* Y.D.E. # 5). Neither Thomas nor Angela Younk filed or served any response to the motion. (Order at 2).

On January 11, 1996, a hearing on the motion was conducted in Green Bay. (*Id.*). Angela Younk appeared, but Thomas Younk did not. (*Id.*) The debtor appeared in person with counsel. (*Id.*). Elaine Younk, the mother of Thomas and Pamela Younk, appeared in person without counsel. (*Id.*).

Following the hearing, the bankruptcy court ordered that the motion for contempt and for damages against Angela Younk be denied upon its merits and without costs. (*Id.* at 3). That court also ordered that the motion for contempt and for damages against Thomas Younk be granted and that Thomas Younk pay the attorney's fees of the debtor in the amount of $302.50, no later than April 12, 1996. (*Id.*). Thomas Younk was also ordered not to take any further action to collect prepetition debt and to refrain from oral or written communication with the debtor regarding such debt. (*Id.*).

## II. ANALYSIS

On appeal, the bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013; *In the Matter of Excalibur Automobile Corporation,* 859 F.2d 454, 457 n. 3 (7th Cir. 1988); *In the Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984). Questions of law are reviewed de novo. *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir.1994).

In both their notice of appeal and in their appellate brief, Thomas and Angela Younk assert that the motion for contempt and for damages was filed against both of them. Therefore, they contend that it was improper for Judge Eisenberg to deny the motion as to Angela and grant the motion as to Thomas. Thomas and Angela also contend that Pamela Younk "needled Tom into contacting her after the bankruptcy filing by illegally switching her utility bills into his name and causing him to be saddled with her utility bills" and that they have been threatened by individuals known to the debtor.

None of the documents submitted by the appellants provides any legal basis for their contention that it was improper for the bankruptcy judge to deny the motion for contempt with respect to Thomas and grant the motion with respect to Angela. It appears from the findings of fact set forth in Judge Eisenberg's order, none of which are challenged by the appellants, that it was Thomas who engaged in actions which violated the automatic stay. Moreover, Thomas does not deny that he violated the automatic stay provisions of the bankruptcy code. In my opinion, the fact that the motion was filed against both Thomas and Angela Younk did not preclude the bankruptcy judge from granting the motion with respect to Thomas and denying the motion with respect to Angela.

## ORDER

Therefore, IT IS ORDERED that Bankruptcy Judge Eisenberg's January 11, 1996, "Order Finding and Declaring Thomas Younk Violated the Automatic Stay of Title 11, U.S.C., Sec. 362, and Awarding Damages and Granting Other Relief to the Debtor" be and hereby is affirmed in its entirety, with costs against both appellants.